No. 25-3146

FILED
Feb 5, 2026
KELLY L. STEPHENS, Clerk

UNIED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| RODERICO FILADELFO PEREZ-PEREZ, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, U.S. Attorney General, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    O R D E R <br> ) <br> ) <br> ) <br> ) |

Before: GIBBONS, McKEAGUE, and RITZ, Circuit Judges.

Roderico Filadelfo Perez-Perez, a native and citizen of Guatemala, previously petitioned our court for review of a Board of Immigration Appeals (BIA) order vacating an immigration judge's decision granting him cancellation of removal. On November 21, 2025, this panel granted Perez-Perez's petition for review and reversed the BIA, finding that Perez-Perez's daughter was properly adjudicated a qualifying "child" under 8 U.S.C. § 1229b(b)(1)(D) at the time of the immigration judge's decision. Judge McKeague dissented. Perez-Perez now moves our court for immediate release from detention by Immigration and Customs Enforcement (ICE). The Attorney General opposes his release.

Perez-Perez previously filed an emergency motion for release with our court on March 25, 2025, while his appeal of the BIA's order was pending. A Sixth Circuit panel composed of Judge Gilman, Judge Griffin, and Judge Thapar, denied his motion, reasoning that the district court was the more appropriate venue to file such a motion. For the same reasons discussed in that previous denial, we decline to grant Perez-Perez's emergency motion for release now.

Perez-Perez's emergency motion asks us to review, in the first instance, a challenge to his detention independent of his removal order; however, our court does not have authority under 28 U.S.C. § 2241 to consider such a challenge. *See Kellici v. Gonzales*, 472 F.3d 416, 419–20, 20 n.2; *Rosales-Garcia v. Holland*, 322 F.3d 386, 394 (6th Cir. 2003) ("[T]he district courts properly had jurisdiction over [Petitioners'] habeas petitions, and we have jurisdiction to review the district courts' denials of those petitions."); *Raymond v. United States*, 831 F.2d 296 (6th Cir. 1987) (table). The Immigration and Nationality Act (INA) authorizes the court of appeals to review only final orders of removal; agency decisions to detain or release a noncitizen in removal proceedings are "separate and apart from, and shall form no part of, any deportation or removal hearing or proceeding." 8 C.F.R. § 1003.19(d). We therefore lack the authority to review Perez-Perez's challenge to his detention in the first instance, separate from his removal proceedings.

To properly challenge his detention, Perez-Perez must file a writ of habeas corpus with the appropriate district court. We conclude that it is the district court, rather than our court, that maintains jurisdiction over first-instance review of Perez-Perez's challenge to his detention.

Accordingly, the motion for release is denied.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk